## Thomas v. Nationwide Mutual Ins. Co.

*Robert L. Webster, Jr.,* for plaintiff.
*James F. Andrews,* for defendant.

ADAMS, *J.,* December 6, 1984—The matter before the court is an action in assumpsit to recover work-loss benefits under a policy of insurance in accordance with the provisions of the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 P.S. §1009 et seq. The facts in this case are not in dispute and are as follows:

On June 3, 1982, defendant issued to plaintiffs' decedent, John E. Benson (hereafter called Benson), insurance policy number 54A-159-535. The terms of this policy provided security for Benson in accordance with the provisions of the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 P.S. §1009 et seq., which policy was in full force and effect on February 7, 1983 when Benson died as the result of injuries sustained in an automobile accident which occurred on December 7, 1982.

At the time of his death, Benson was 80 years of age, had a life expectancy of 6.7 years, and a work expectancy of 4.7 years. At the time of his death, Benson had retired from his employment and was

not gainfully employed but was receiving social security retirement benefits in the amount of $461 per month.

The issue before the court is whether the estate of the retired decedent is entitled to no-fault work-loss benefits. The court is of the opinion that it is. Although the court is not aware of any appellate decision specifically on point, several lower courts have dealt with this problem and have awarded work-loss benefits under similar circumstances.

This court adopts the reasoning of Judge Rauschenberger in the case of Edythe I. Klinger, Executrix of the Estate of Alphonsus P. Birckbichler, deceased, v. The Aetna Casualty and Surety Company, in the Court of Common Pleas of Butler County, Pennsylvania, A.D. no. 83-109, Book 123, page 109.

## VERDICT

The court finds in favor of plaintiff and against defendant in the amount of $15,000, with interest at the rate of 18 percent per annum from March 17, 1983.